UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-MC-24628-GAYLES/REID

In re Application of

EDUARDO GONZALEZ,

    Applicant,

Pursuant to 28 U.S.C. § 1782
for Judicial Assistance in Obtaining
Evidence for Use in Foreign International
Proceedings.
_____/

## ORDER ON APPLICATION FOR ATTORNEY'S FEES

This matter is before the Court on Applicant Eduardo Gonzalez's ("Applicant" or "Gonzalez") Application for Attorney's Fees (the "Application"). [ECF No. 146]. The Application was referred to the Undersigned by the Honorable Darrin P. Gayles for ruling. [ECF No. 253]. The Court has carefully considered the Application, Respondent Verfruco Foods, Inc.'s ("Respondent" or "Verfruco U.S.") Response, and the record. For the reasons stated below, it is **ORDERED AND ADJUDGED** that Gonzalez's Application for Attorney's Fees is **GRANTED in PART**.

## BACKGROUND

This case involves an *ex parte* Application for Judicial Assistance under 28 U.S.C. § 1782, filed by Gonzalez requesting the issuance of subpoenas directed to Verfruco U.S., to obtain documentary and testimonial evidence for use in contemplated legal proceedings in Mexico. [ECF No. 1].

On November 18, 2021, the Undersigned entered an Order on Gonzalez's Motion to Compel Forensic Examination and Impose Sanctions against Verfruco U.S. [ECF No. 99]. Of relevance here, the Court permitted Gonzalez to file a motion for sanctions and for attorneys' fees

1

and costs. [*Id.* at 9]. Gonzalez's motion for attorneys' fees [ECF No. 109], his motion for contempt sanctions [ECF No. 110], Verfruco U.S.'s consolidated response [ECF No. 116], and Gonzalez's Reply [ECF No. 117] followed.

On August 5, 2022, The Undersigned entered a Report and Recommendation on Gonzalez's motions for contempt sanctions and for attorneys' fees. [ECF No. 132]. The Report states, in pertinent part, that "Gonzalez is entitled to an award of reasonable attorneys' fees incurred because of Verfruco U.S.'s failure to comply with this Court's discovery orders." [*Id.* at 19]. Gonzalez was permitted to refile its motion for attorneys' fees, limiting its fees to time expended on Verfruco U.S.'s discovery violations, incurred as of November 18, 2021. [*Id.* at 20].

On February 8, 2023, Judge Gayles adopted the Report and Recommendation. [ECF No. 145]. Verfruco U.S. then appealed the Report and Recommendation and Judge Gayles's Order. [ECF No. 154], among other orders issued in this case.

## LEGAL STANDARD

In determining attorneys' fees, courts look to the reasonableness of (1) the hourly rate and (2) the number of hours expended. Under the "lodestar" method, a reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1994)). Under certain circumstances, the lodestar may be adjusted to reach a more appropriate attorneys' fee. *See Blum*, 465 U.S. at 888.

### A. Reasonable Hourly Rate

A reasonable hourly rate is to be measured by "prevailing market rates in the relevant community." *Id.* at 895. In determining this, the Court should consider the rate "for similar services

by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum*, 465 U.S. at 895–96 n.11).

To determine reasonable hourly rates, a court may consider certain factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing factors articulated in *Johnson v. Highway Express, Inc*., 488 F.2d 714, 717-19 (5th Cir. 1974)). "In the end, however, the Court remains an expert on the issue of attorneys' fees and may consider its own knowledge and experience concerning reasonable and proper fees." *Warren Tech., Inc. v. UL LLC*, No. 18-21019-CV, 2020 WL 9219127, at *7 (S.D. Fla. Dec. 17, 2020), *report and recommendation adopted in part*, No. 1:18-CV-21019-UU/LMR, 2021 WL 911238 (S.D. Fla. Mar. 10, 2021), *aff'd*, No. 21-11168, 2021 WL 4940833 (11th Cir. Oct. 22, 2021) (quoting *Norman*, 836 F.2d at 1303) (internal citations and quotations omitted).

Importantly, the trial court "need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1301-02 (S.D. Fla. 2015) (citing *Fox v. Vice*, 563 U.S. 826, 838 (2011)). As such, "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

B.  **Reasonable Number of Hours Expended**

The Court must also evaluate Plaintiff's requested fees for reasonableness in terms of the total hours expended by counsel and the paralegals. *See Norman*, 836 F.2d at 1303. The burden rests on the plaintiff to submit a request for fees that will enable the court to determine what time

3

was reasonably expended. *See Loranger v. Stierheim*, 10 F.3d 776, 782 (11th Cir. 1994). "Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." *Wales-Walden v. Ak "N" Eli, LLC*, No. 17-20658-CIV, 2018 WL 6812692, at *3 (S.D. Fla. Oct. 12, 2018), *report and recommendation adopted sub nom. Wales-Walden v. Ak N Eli, LLC,* No. 1:17-CV-20658-UU, 2018 WL 6807316 (S.D. Fla. Oct. 29, 2018) (quoting *Nat'l Ass'n. of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982)).

When ascertaining the number of reasonable hours, a court must deduct "excessive, redundant or otherwise unnecessary hours" from those claimed. *See Norman*, 836 F.2d at 1303. The Court can either evaluate counsel's time records by applying an hour-by-hour analysis or can make an across-the-board cut. *See Bivins v. Wrap it Up, Inc.,* 548 F.3d 1348, 1350 (11th Cir. 2008). "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount in awarded." *ACLU*, 168 F.3d at 428.

## DISCUSSION

As an initial matter, the Court has already ruled on the issue of whether attorneys' fees are warranted in this case. [ECF Nos. 132 and 145]. Any attempts by Verfruco U.S. to challenge that ruling are outside the scope of this Order. As such, the Court will only focus on the reasonableness of the requested attorneys' fees.

In his Application, Gonzalez is seeking a total of **$35,303.50** in attorneys' fees. [ECF No. 146 at 1]. Verfruco U.S. asks the Court to deny the Application, or alternatively to reduce Gonzalez's attorneys' hourly rate to $425 for partners and $250 for associates. [ECF No. 169 at 9].

### A. The Hourly Rate is Unreasonable

The Court must first evaluate Gonzalez's requested hourly rate for his attorneys. *See Norman*, 836 F.2d at 1299. He justifies their fees by explaining that they work at top law firms in Miami and Washington D.C. and possess impressive credentials. [ECF No. 146 at 4]. In support, Gonzalez cites case law highlighting court approval of the hourly rates of $725.00 (*J A P Logistics, Inc. v. Mt 2005 Integradores Y Consultores, S.A.*, No. 19-cv-21306, 2020 U.S. Dist. LEXIS 243092, at *9–10 (S.D. Fla. Dec. 23, 2020)); $675.00 (*Kleiman v. Wright*, No. 18- cv-80176, 2020 WL 1980601, at *4 (S.D. Fla. Mar. 17, 2020)), and $889.26 (*Circuitronix, LLC v. Shenzhen Kinwong Elec. Co.*, No. 17- cv-22462, 2019 WL 12265725, at *4 (S.D. Fla. Dec. 20, 2019)). In response, Verfruco U.S. states that (1) Gonzalez's attorneys' billable rates are higher than what they charged for their work, and (2) the rates reflected in the Application are unreasonably high. [ECF No. 169 at 1].

Regarding its first argument, Verfruco U.S. states that the hourly rates reflected in the February 21, 2023 Application are higher than the hourly rates from Gonzalez's December 7, 2021 application. [*Id.* at 4]. Specifically, the 2021 application outlines time entries showing the hourly rate for Attorney Daniel Pulecio-Boek as $814.58–$823.83; Attorney Eva Spahn as $654.57–$662.01, Attorney Jose Vazquez as $594.20–$649.80; and Attorney Josh Mandel as $513.96–$517.95. [ECF No. 109-1]. These rates reflect work done between June 2, 2021 and November 17, 2021. [*Id.*].

The hourly rates outlined in the 2023 Application before the Court are as follows: Attorney Daniel Pulecio-Boek as $850.00–$935.00; Attorney Eva Spahn as $680.00, Attorney Jose Vazquez as $650.00–$740.00; and Attorney Josh Mandel as $535.00–$585.00. [ECF No. 146-1]. These rates reflect work done between November 24, 2021 and April 21, 2022. [*Id.*].

The Court disagrees with Verfurco U.S.'s comparison of fees outlined in the 2021 and 2023 applications. Specifically, Verfruco U.S. implies that Gonzalez's attorneys *retroactively* charged their client higher rates, basing its argument on the increased rates billed during "the same timeframe." [ECF No. 169 at 5]. No evidence of such retroactive charging of fees has been presented. In addition, *none* of the time entries—which are clearly dated in both the 2021 and 2023 applications—overlap. Verfruco U.S. fails to consider the fact that Gonzalez's attorneys' fees simply increased in accordance with market changes, particularly at a large national firm located in South Florida. *See CITGO Petroleum Corp. v. Petroleum Logistics Serv. USA, Inc.*, 22-MC-20762, 2022 WL 17718802, at *5 (S.D. Fla. Nov. 30, 2022), *report and recommendation adopted*, 22-MC-20762, 2022 WL 17716483 (S.D. Fla. Dec. 15, 2022) (highlighting the increase in hourly rates in South Florida).

Regarding its second argument, Verfruco U.S. believes that the fees are unreasonably high and that hourly rates of approximately $425 for partners and $250 for associates are consistent with what judges in this district have found to be reasonable. [ECF No. 169 at 5]. Conversely, Gonzalez cites Magistrate Judge John J. O'Sullivan's recommendation in *Circuitronix LLC v. Shenzhen Kinwong Elec. Co., Ltd.* that $889.26 per hour for a Shanghai partner was reasonable. 17-22462-CIV, 2019 WL 12265725, at *4 (S.D. Fla. Dec. 20, 2019), *report and recommendation adopted in part*, 17-CV-22462-UU, 2020 WL 9458710 (S.D. Fla. Mar. 9, 2020), and *report and recommendation adopted*, 1:17-CV-22462, 2020 WL 9458712 (S.D. Fla. Mar. 17, 2020), *aff'd sub nom. Circuitronix, LLC v. Shenzen Kinwong Elec. Co., Ltd.*, 20-11413, 2021 WL 5568164 (11th Cir. Nov. 29, 2021). But Verfruco U.S. counters that this case provides no guidance for the Court because the defendant did not object to plaintiff's requested $889.26 hourly rate, and none of the attorneys in the present matter are located in or practice in other countries. [ECF No. 169 at 8].

Further, Gonzalez provided the following information found on the Greenberg Traurig website to assist the Court in determining the reasonableness of the hourly rates charged:

> Attorney Daniel Pulecio-Boek is a shareholder at Greenberg Traurig and is admitted to practice in New York and Washington, D.C. as well as in Colombia. He has been practicing in the U.S. for approximately nine years.
>
> Attorney Eva Spahn is a shareholder at Greenberg Traurig and is admitted to practice in Florida and Georgia. She has been practicing for approximately 12 years.
>
> Attorney Jose Vazquez was an Associate at Greenberg Traurig and is currently a judicial law clerk for the Honorable Adalberto Jordan of the Eleventh Circuit Court of Appeals. He has served as a judicial law clerk to Magistrate Judge Jacqueline Becerra, and has been practicing for approximately eight years.
>
> Attorney Josh Mandel is an associate at Greenberg Traurig and is admitted to practice in Florida and Ohio. He has been practicing for approximately five years.

[ECF No. 146-1 at 2–3].

The Court finds that a higher rate than Verfruco U.S. proposes—but a lower rate than Gonzalez proposes—is justified. As previously explained, the changing legal landscape in South Florida accounts for the increase in hourly rates. Like attorneys and clients, courts, too, must adapt to these changes. Here, Gonzalez justifies the requested fees by highlighting his attorneys' experience as U.S. and foreign lawyers. Certainly, his attorneys are skilled and work in complex litigation and arbitration matters. Other experienced attorneys have been awarded significant fees in this district. *See e.g.*, *Family First Life, LLC v. Rutstein*, 22-CV-80243-AMC, 2023 WL 5939620, at *3 (S.D. Fla. Aug. 23, 2023), *report and recommendation adopted*, 22-80243-CIV, 2023 WL 5929434 (S.D. Fla. Sept. 12, 2023) (holding that a fee of $775 is reasonable); *Soc. Life Network, Inc. v. Peak One Opportunity Fund, L.P.*, 21-21373-CV, 2023 WL 5053985, at *7 (S.D. Fla. July 20, 2023), *report and recommendation adopted*, 21-CV-21373, 2023 WL 5036606 (S.D. Fla. Aug. 8, 2023) (holding that fees of $700 for a partner and $500 for a senior associate are

reasonable); *CITGO Petroleum Corp.*, 2022 WL 17718802, at *4–5 (holding that fees of $850 for a partner and $700 for an associate are reasonable); *Caracol TV, S.A. v. Telemundo TV Studios, LLC*, No. 18-23443-CIV, 2022 WL 17583608 (S.D. Fla. Aug. 4, 2022) (recommending attorneys from Greenberg Traurig be awarded between $765 for work by a partner and $415 for an associate); *Global Digit. Solutions, Inc. v. Bolzan*, No. 18-80106-CV, 2021 WL 7630524 (S.D. Fla. Aug. 13, 2021) (reducing requested rates for attorneys from Boies Schiller Flexner LLP from $1,230, $990, $850, and $630 to $820, $660, $567, and $420, respectively).

However, the Court is not "authorized to be generous with the money of others . . .." *ACLU*, 168 F.3d at 428. Based on the parties' arguments as well as the factors outlined in *Johnson*, 488 F.2d at 717-19, the Court finds that the requested fees are higher than similarly situated attorneys within this District. Indeed, courts have authorized fees as high as $850 and $765 for attorneys with over 25 years of experience. *See CITGO Petroleum Corp.*, 2022 WL 17718802, at *4; *Caracol TV, S.A.* 2022 WL 17583608 at *3. This is not the case here. As such, the following rates are found to be reasonable:

    Daniel Pulecio-Boek: $700

    Eva Spahn: $650

    Jose Vazquez: $550

    Josh Mandel: $500

### B. The Number of Hours Expended is Reasonable

Next, the Court must review Gonzalez's fees for reasonableness. *See Norman*, 836 F.2d at 1303. Gonzalez's attorneys have expended 49.6 hours on Verfruco U.S.'s discovery misconduct

since November 18, 2021. [ECF No. 146 at 3]. Verfruco U.S. did not object to the number of hours expended.

The Court has conducted an hour-by-hour analysis of the time entries in Exhibit 1 to Daniel Pulecio-Boek, Esq.'s affidavit, and agrees that the hours expended on Verfruco U.S.'s failure to comply with this Court's discovery orders are reasonable. [ECF No. 146-1]. *See Bivins*, 548 F.3d at 1350; *Norman*, 836 F.2d at 1303.

Therefore, this Court awards as damages **$28,660.00** in attorneys' fees.

### C. Attorneys' Fees Need Not be Deposited in the Court's Registry

In its Response, Verfruco U.S. argues that, should the Court award Gonzalez attorneys' fees, the amount awarded should be deposited in the court's registry until Verfruco U.S.'s appeal is resolved, citing Fed. R. Civ. P. 67. [ECF No. 169 at 9].

The passage of time has allowed Verfruco U.S.'s appeal to progress. Specifically, the appeal on the issue of contempt sanctions is still pending, but the issue of attorneys' fees has been resolved. *In Re: Eduardo Gonzalez v. Verfruco Foods, Inc.*, No. 23-10723 (11th Cir. June 22, 2023). The Eleventh Circuit dismissed the attorneys' fees issue "[b]ecause the February 8[, 2023] order [adopting this Court's August 5, 2022 recommendation] did not determine the amount of attorney's fees, [so] it is not final or immediately appealable as to that decision." [*Id.* at 2]. The court also held that "Verfruco has not challenged the magistrate judge's November 18, 2021, order in this district court and, thus, [the appellate court] lack[s] jurisdiction to review it . . ." [*Id.* at 3]. Verfruco U.S. failed to present any case law in support of its argument that depositing funds into the court's registry is justified, clinging solely to the fact that the issue is on appeal. [ECF No. 169 at 9]. As a result, the Court is not convinced that such relief is necessary.

9

Finally, even if the appeal were still pending, the "norm is *not* to defer ruling on fees and costs until after the appeal." *Guzy v. QBE Specialty Ins. Co.*, 20-23169-CIV, 2022 WL 1202876, at *2 (S.D. Fla. Apr. 22, 2022). *See also Levesque v. GEICO*, No. 15-CIV-14005, 2021 WL 7540798, at *1 (S.D. Fla. Aug. 31, 2021) ("In this district, the regular practice of the courts is not to stay matters collateral to a final judgment, principally involving fees or costs issues, to avoid piecemeal appeals to the Eleventh Circuit." (citation and internal quotation marks omitted)). Consequently, no delay is required.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Gonzalez's Application for Attorney's Fees [ECF No. 146] be **GRANTED IN PART**, and Gonzalez's attorneys be awarded **$28,660.00** in attorneys' fees incurred as a result of Verfruco U.S.'s discovery violations.

**SIGNED** this 6th day of October, 2023.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **U.S. District Judge Darrin P. Gayles**; and

**All Counsel of Record**